FILED

November 29, 2016

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time: 8:24 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| DARLENE NOEL, | ) | Docket No. 2016-08-0054 |
| Employee, | ) | |
| v. | ) | |
| EAN HOLDINGS, LLC, | ) | State File No. 80542-2015 |
| Employer, | ) | |
| And | ) | |
| FARMINGTON INS. CO., | ) | Judge Allen Phillips |
| Insurance Carrier. | ) | |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on November 7, 2016, upon the Request for Expedited Hearing filed by Darlene Noel pursuant to Tennessee Code Annotated section 50-6-239 (2015). Ms. Noel requested medical and temporary disability benefits for an alleged injury to her neck on January 16, 2015. EAN Holdings disputed her entitlement to the requested benefits on grounds that she failed to produce adequate proof of causation. Accordingly, the central legal issue is whether Ms. Noel came forward with sufficient evidence to show entitlement to the requested benefits. For the following reasons, the Court holds Ms. Noel came forward with sufficient evidence to show she is likely to prevail at a hearing on the merits regarding entitlement to certain medical benefits but that she has not come forward with sufficient evidence to show entitlement to temporary disability benefits.[1]

## History of Claim

At all relevant times, Ms. Noel worked for EAN at its Alamo Rental Car location in Memphis. On January 16, 2015, Ms. Noel had her back turned to a

---

[1] The Court provides a complete listing of the Technical Record and Exhibits admitted at the Expedited Hearing in an Appendix attached to this Order.

1

large door while assisting another employee. She testified a co-worker, Doris Watkins, opened the door "with force," and the door "slammed" into her body between the neck and left shoulder. At the hearing, she pulled down the collar of her blouse to indicate the area of her body struck by the door.

Ms. Watkins confirmed she accidentally struck Ms. Noel with a door described as large and heavy. She confirmed it struck Ms. Noel between her neck and left shoulder. Ms. Watkins added that an EAN manager was near the scene.

Gloria Denby works for Hertz Rental Car. Her workstation at Hertz was located next to Ms. Noel's workstation at Alamo. The door in question, described by Ms. Denby as a heavy, "steel" door, opens from the Hertz side "into the Alamo side." Ms. Denby's location allowed her, through a window in the door, to witness Ms. Noel "bent over" helping a co-worker while Ms. Noel's back was turned. Ms. Denby testified that, "Ms. Doris [Watkins] slung the door open" and hit Ms. Noel "back here in her neck," indicating the same area of Ms. Noel's body as did Ms. Noel and Ms. Watkins.

When describing her injury, Ms. Noel called it an "aggravation" or a "re-injury." She admitted prior left shoulder issues, including a September 5, 2013 injury at EAN that required surgery. She also admitted prior neck and shoulder pain dating to the 1980s and continuing to 2007 when she underwent a "nerve block." However, she characterized her current complaints as new and different from her lingering pain from past injuries.

Ms. Noel admitted entering into a settlement of her 2013 injury at EAN but pointed out the settlement addressed only her shoulders and knees. In the "Final Decree" approving the settlement, the Circuit Court of Knox County, Tennessee, approved a settlement of Ms. Noel's September 5, 2013 injury at EAN on January 15, 2015. The order provided that EAN would pay Ms. Noel benefits equal to a six percent permanent partial disability for her left shoulder injury, with a closure of future medical expenses, and an additional $4,000 "to resolve any and all alleged injuries to her left knee, right knee, and right shoulder on a doubtful and disputed basis." (Ex. 5 at 2.)

Ms. Noel testified that at some point after the January 16, 2015 event, "Ms. Laura [sic] Smith" told her to "use [her] medical benefits under my medical insurance."[2] Thus, Ms. Noel used her health insurance to seek treatment. She testified that she had out-of-pocket expenses and unpaid deductibles but presented

---

[2] Ms. Noel did not identify Ms. Smith in her testimony. However, the Court notes Ms. Lori Smith completed the First Report of Injury regarding the event. (Ex. 1.) On that report, Ms. Smith identified herself as a "Supervisor II" at "The Frank Gates Service Co."

no evidence of those amounts. She took one month of "FMLA" time off from work between February 2015 and March 2015. Otherwise, Ms. Noel did not miss work and remains employed full time at EAN. She continues to feel pain in her neck and testified she has difficulties at work with long sitting or standing. She continues to receive medical treatment from personal physicians.

The only medical record placed into evidence was a note from Debora Dowda, FNP, from February 6, 2015.[3] In that note, Ms. Dowda recorded Ms. Noel was there in, "follow-up of her work related injury. She has been unable to work due to HA and skeletal pain." (Ex. 3 at 1.) Ms. Dowda assessed chest wall pain, hypertension, diabetes, arthralgia of the shoulder region, headache syndromes, and cervicalgia. *Id.* at 5. The plan was for Ms. Noel to return in one month "for release for work if appropriate," to "await FMLA papers," and to refer to "neuro and podiatry." *Id.* at 6. The "projected date to return to work" was March 2, 2015. *Id.*

Ms. Noel testified she was not claiming her shoulders or knees were injured on January 16, 2015, but instead testified she felt pain in her neck "going down into her shoulders." She wants EAN to pay her medical bills and provide ongoing treatment for her neck issues.

For its part, EAN asserted Ms. Noel described a new incident but there was no medical evidence to establish causation. Moreover, there was nothing in the medical record submitted, to which it objected, to differentiate Ms. Noel's current complaints from her previous complaints because there was "no identified injury and no medical reference of any kind to establish any injury or its cause." (T.R. 5 at 7.)

EAN "respectfully suggest[ed] that [this case] represents, at best, a strike claim[4] that has already been resolved and the settlement approved." *Id.* at 3. In

---

[3] EAN objected to admission of this record on grounds that the record did not bear "an electronic signature." The Court overruled the objection because the record bore the typed name of Debora Dowda, FNP with the notation "Electronically signed by: Debra Dowda." (Ex. 3 at 6.) EAN also objected to admission of the record on grounds that it was drafted by a nurse practitioner rather than a physician. As such, the record could not support a finding of causation. The Court overruled the objection because Tennessee Compilation Rule & Regulation 0800-02-21-16(6)(b) (2015) provides that medical records signed by a physician shall be admissible. *See also Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *13 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016)(Medical records submitted as evidence must bear an indicia of reliability.). Here, Ms. Dowda's name appeared not only in the electronic signature form but also on a record in the signature line of Dr. Douglas O'Dea, identified by Ms. Noel as the medical doctor who treated her. The Court found the record bore a sufficient indicia of reliability. Notably, EAN argued the merits of the subject record in its "Position Statement." Regardless of admissibility, the record was not dispositive to the outcome. The Court addresses the remaining issue of the sufficiency of a nurse practitioner's opinions in the "Analysis" section of this Order.

[4] A "strike suit" is a derivative action based on no bona fide claim and brought with the intent to force defendants to settle out of court. www.merriam-webster.com (last visited Nov. 22, 2016). Here, the Court

support of that position, it cited *Mitchell v. Randstad North America*, Nos. 2015-06-0954 and 0955, 2016 TN Wrk. Comp. App. Bd. LEXIS 32 (Tenn. Workers' Comp. App. Bd. Aug. 11, 2016). In that case, our Appeals Board found a trial judge properly denied benefits to an employee who previously had settled a claim to include all disability from either any injury or any "aggravations." *Id.* at *5. That employee came forward with only his "bare allegations" that he sustained a new injury. Here, EAN argued, Ms. Noel has asserted only her "bare allegations" of a new injury and the Court should deem her current claim as part of the agreed settlement.

## Findings of Fact and Conclusions of Law

### Standard applied

An injured worker has the burden of proof on every essential element of her claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). These elements include Ms. Noel showing that her alleged injury arose primarily out of and in the course and scope of her employment at EAN. Tenn. Code Ann. § 50-6-102(14) (2015). She must also show her injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence Tenn. Code Ann. § 50-6-102(14)(A) (2015). Further, she must show, "to a reasonable degree of medical certainty that [her alleged work injury] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

When considering the evidence, the Court finds Ms. Noel established a specific incident on January 16, 2015, causing injury to her neck. She described an incident where she was struck with force by a heavy door. Ms. Watkins and Ms. Denby corroborated her testimony. The Court finds Ms. Noel and her witnesses very credible. They each testified as to the exact mode of injury, Ms. Noel's reaction to being struck, and quite importantly, the exact area of Ms. Noel's body struck by the door. This is significant because Ms. Noel testified she is not claiming her shoulders were injured on January 16, 2015; she is claiming her neck and adjacent anatomy was struck by the door. This specific incident caused pain both in her neck and pain radiating down her arms. The fact the incident occurred

---

interprets EAN's argument to mean that Ms. Noel brought a spurious claim to increase the perceived inadequacy of her settlement with EAN approved just one day before.

one day after her settlement of prior shoulder conditions is not necessarily, as argued by EAN, a "strike suit." Instead, the Court finds the fact that Ms. Noel's injuries to another part of her body occurred on January 16, 2015, just one day after the settlement, was purely coincidental. Accordingly, Ms. Noel established the specific incident criteria of the statutory definition of injury.

Turning to the "arising primarily out of" requirement, the Court finds Ms. Noel has not, at this interlocutory stage of the proceedings, established an injury contributing more than fifty percent to her disablement or need for medical treatment. Ms. Noel submitted only one medical record from a nurse practitioner. A nurse's opinion is insufficient to establish causation. *Richberger v. West Clinic, P.C.*, 152 S.W.3d 505, 512 (Tenn. Ct. App. 2004). Moreover, even if the medical record were legally sufficient, there is no opinion establishing causation contained therein. Thus, the Court finds Ms. Noel has not established that she sustained an injury arising primarily out of her employment.

However, at this Expedited Hearing, Ms. Noel need not prove every element of her claim by a preponderance of the evidence. Instead, she must come forward with sufficient evidence from which the court can determine she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2015); *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6. Guided by this authority, the Court turns to whether Ms. Noel came forward with sufficient evidence from which it might determine she would prevail at a hearing on the merits regarding her claim for any medical benefits.

As noted, Ms. Noel established a specific incident. She also established that EAN had notice of her injury. Ms. Noel sent EAN an e-mail with notice, EAN completed a First Report of Injury, and Ms. Noel and Ms. Watkins established that a supervisor was nearby when the incident occurred. Nevertheless, Ms. Noel testified a representative of EAN or its carrier advised her to proceed under her own health insurance. EAN did not rebut any of these facts.

After an employee provides notice of an injury to an employer, Tennessee Code Annotated section 50-6-204(a)(1)(a) (2015) requires an "employer or the employer's agent . . [to] furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident." This requirement

5

attaches to a claim after the employer has an adequate time for an investigation of the employee's allegations. *McCord,* at *12. At that point, "[t]he injured employee shall accept the medical benefits . . . provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015).

EAN did not provide Ms. Noel a panel of physicians but instead argued that she "is not entitled to any benefits under the *Act* because the alleged injuries in [this] claim have already been adjudicated and settled by lawful agreement." (T.R. 4 at 4)(Emphasis in original). However, EAN offered no proof that the injuries resolved in the settlement are the same as the injuries in this case. Likewise, the Court disagrees that *Mitchell* supports EAN's position. Here, unlike *Mitchell*, Ms. Noel did not settle all "aggravations" of any prior injury in the settlement agreement. In fact, she did not settle any neck claim whatsoever. Thus, the Court must look to the sufficiency of Ms. Noel's proof in context of the new incident.

In *McCord*, the formative case on parties' obligations at the expedited hearing stage, our Appeals Board held:

> To date, there is no proof in the record that Employee's medical condition is causally-related to the alleged work accident. However, whether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

*McCord*, at *17.

In *McCord*, as in this case, the employee established a specific work incident. Likewise, both the *McCord* employee and Ms. Noel provided notice of the incident. Finally, both the *McCord* employee and Ms. Noel were forced to seek medical attention on their own for an alleged injury. Such proof is sufficient to require EAN to provide a panel of physicians to Ms. Noel. *See McCord*, at *17.

Further, the Court finds guidance in *Lewis v. Merry Maid*, No. 2015-06-0456, 2016 TN Wrk. Comp. App. Bd. LEXIS 19 (Tenn. Workers' Comp. App. Bd. Apr. 20, 2016). In that case, our Appeals Board affirmed an order that the employer provide a panel of physicians by stating:

[T]he trial court determined that Employee did come forward with sufficient evidence to establish her entitlement to a panel of physicians. Specifically, the trial court noted Employee's testimony that she experienced back pain after [performing her job] . . . and that she promptly informed her [supervisors] of her back pain. . . . Employer did not refute these allegations.

Id. at *7.

As in *Lewis*, Ms. Noel established pain after a specific incident and that she promptly informed her supervisors, and the Court finds EAN did not refute any of this evidence.

Taken in its totality, the Court finds that Ms. Noel has come forward with sufficient evidence at this Expedited Hearing to show she is likely to prevail at a hearing on the merits that she is entitled to a panel of physicians to evaluate her injury of January 16, 2015.

### Temporary disability benefits

Under Tennessee law, to establish entitlement to temporary total benefits (TTD), Ms. Noel must show (1) she was totally disabled to work by a compensable injury; (2) a causal connection between the injury and her inability to work; and, (3) the duration of that period of disability. *Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015). At this time, Ms. Noel has not come forward with any evidence to show entitlement to temporary disability benefits. There is no medical opinion that provides a causal connection between her alleged injury and any inability to work.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Noel shall receive medical benefits from EAN for treatment of her injury of January 16, 2015, by EAN providing a panel of physicians qualified to treat musculoskeletal injuries from which she might choose the authorized physician.

2. Ms. Noel's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling (Status) Hearing on February 6, 2017, at 11:00 a.m. Central time.

ENTERED this the 29th day of November, 2016.

_____
Allen Phillips, Judge
Court of Workers' Compensation Claims

Scheduling (Status) Hearing:

A Scheduling/Status Hearing has been set with **Judge Allen Phillips, Court of Workers' Compensation Claims. You must call toll-free at 731-422-5263 or toll-free 855-543-5038 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an

8

Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5.    The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6.    If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:

1. First Report of Injury (dated January 16, 2015);
2. E-mail from Ms. Noel to EAN reporting her injury;
3. Wage Statement (DOI: January 16, 2015);
4. Medical Records of Debora Dowda, FNP; and
5. Certified copy of "Final Decree" in Knox Co. Circuit Court, No. 2-90-15.


Technical record:[5]

1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Employer's Position Statement (September 14, 2016); and
5. Employer's Pre-Hearing Brief (November 3, 2016).

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 29th day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|------|----------------|------------------|-----------|------------------|
| Ms. Darlene Noel, Self-represented Employee | X | X | | 3896 Brookmeade, Memphis, TN 38127 |
| Charles E. Pierce, Esq., Attorney for Employer | | | X | cepierce@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov